IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-12-0138 |
| GREGORY HORN | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Court has entered a Judgment and Commitment Order in this case (*see* ECF No. 98). That Order was entered after an extensive sentencing hearing conducted on November 20, 2013. At the conclusion of the hearing, the Court imposed a sentence of 60 months imprisonment as to Count I and 216 months as to Count IV, with the sentences to be served concurrently with each other. The Court also ordered that the total sentence in this case be served concurrently with that portion of a sentence imposed upon the Defendant in the Middle District of Tennessee (in case number 3:01-00142-001) which had not yet been served on December 2, 2011, the date of the offenses in the instant case.[1] In this memorandum opinion the Court supplies additional detail and reasoning in support of the sentencing decisions made in this case. This opinion is incorporated into the Judgment and Commitment Order.

Upon the Presentence Report and the record made during the hearing, the Court finds as follows: The Defendant has been in and out of the criminal justice system for almost his entire life, including when he was a juvenile. Most significantly, the Defendant was convicted of

---

[1] Prior to committing the instant offenses, the Defendant had served a significant portion of the sentence imposed in the Middle District of Tennessee. He had been released pending appeal of that sentence when he committed the instant offenses. The sentence imposed in the instant case is to be run concurrent with the portion of the Middle District of Tennessee sentence that had not yet been served on December 2, 2011 (the date of the new offenses), but it is *not* to be run concurrent with that portion of the Middle District of Tennessee sentence that had already been served on December 2, 2011.

armed bank robbery in federal court in the Middle District of Tennessee in 2001. The Defendant was ordered to serve 17 years in prison, was released after 9 years, and recently has been ordered to return to prison to complete the full term initially imposed. The robbery in Tennessee was violent in that he pushed a bank customer and pointed a gun at a victim teller's head. When the police began to pursue the Defendant, he attempted to flee and caused two motor vehicle accidents. Approximately 3 years after his release from prison, while the Tennessee sentence was under appeal, the Defendant committed the instant offenses. The robbery charged in Count IV (to which the Defendant has admitted and plead guilty) was violent and the Defendant was arrested only after yet another car chase, this one through two counties. In addition to pleading guilty to conspiracy and to armed bank robbery, the Defendant admits that during the same Maryland crime spree he and his sister attempted to rob two other banks. The Defendant has acknowledged that prior to his 2001 conviction and sentence for armed bank robbery, he committed at least two violent street robberies in Anne Arundel County, Maryland.

Had the Court sentenced in strict accordance with the Federal Sentencing Guidelines, (without departing upward, even though Criminal History Category IV arguably understates the seriousness of his prior criminal history), then a sentence of between 100-125 months, or about 10 years, would have been imposed. The Court's judgment is that a 10 year sentence is insufficient to satisfy the statutory directive to impose a sentence that is sufficient "to protect the public from further crimes of the Defendant". *See* 18 U.S.C. § 3553(a)(2)(C). Nor would a 10 year sentence be sufficient "to afford adequate deterrence to criminal conduct", *see* 18 U.S.C. § 3553(a)(2)(B), considering that the Defendant returned to robbing banks shortly after serving 9 years in federal prison for similar conduct. To protect the public and to specifically deter this Defendant from this sort of misconduct in the future, this time the Court is compelled to impose

a sentence substantially lengthier than 9 years. A sentence that is twice the length of that previously served for substantially similar conduct, will, hopefully, be of such a deterrent nature as to truly dissuade the Defendant from robbing banks in the future. And, looking at the Defendant's violent and criminal behavior, which has continued for twenty five years unabated despite periodic sanctions from the criminal justice system, the Court concludes that no lesser term of incarceration is likely to deliver a sufficient deterrent message to him. Further, such a sentence will incapacitate the Defendant into his mid to late 50s, an age at which he may finally lose the inclination to commit violent offenses. The Court takes judicial notice of demographic data which suggest that the propensity to commit violent crimes, particularly stranger-on-stranger crimes, reduces substantially as a person grows older. But for that data the Court would have imposed an even lengthier sentence.

The Court would have been well within its authority, *see* 18 U.S.C. § 3584(a) and (b), had it ordered the instant sentence to be served consecutively to the sentence from the Middle District of Tennessee, a sentence with respect to which the Defendant apparently still must serve about 96 months. The Court did not take that additional step, and instead directed that this sentence be served concurrently with the outstanding portion of the Tennessee sentence. This decision was made upon the conclusion that 18 years in this case, *in addition and consecutive* to the outstanding 8 years to be served in the Tennessee case, would have been more than necessary, in total, to serve the purposes set out in 18 U.S.C. § 3553(a). However, the sentence as imposed (*i.e.*, 18 years, to be served concurrently with the approximately 96 months still outstanding in the Tennessee case) is sufficient, *but not more than necessary* to satisfy those statutory sentencing purposes.

DATED this 22 day of November, 2013.

BY THE COURT:

_____
James K. Bredar
United States District Judge